**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| CARMEN ROSSI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| CITY OF PHILADELPHIA, ET ALS. | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| DECEMBER 10, 2015 | STUART M. NIEMTZOW | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 449-2111 | (610) 449-3358 | STUARTNLAW@GMAIL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA** — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2823 S. 9th St. PHILADELPHIA, PA 19148

Address of Defendant: C/0 CITY OF PHILADELPHIA 1515 ARCH ST. PHILADLEPHIAPA 19102

Place of Accident, Incident or Transaction: VARIOUS SITES PHILADELPHIA, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes ☐       No ☐

Does this case involve multidistrict litigation possibilities?          Yes ☐       No

*RELATED CASE, IF ANY:*

Case Number: **12 - 5690**          Judge **DIAMOND**          Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?          Yes ☐       No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?          Yes ☐       No **X**

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?          Yes ☐       No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?          Yes ☐       No **X**

CIVIL. (Place **V** in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. **V** Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, STUART M. NIEMTZOW _____, counsel of record do hereby certify:

X   Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

   ☐ Relief other than monetary damages is sought.

DATE: 12/10/15          STUART M. NIEMTZOW          PA # 22281

   Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 12/10/15          PA # 22281

   Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARMEN ROSSI

## DEFENDANTS
CITY OF PHILADELPHIA; CITY OF PHILADELHIA POLICE OFFICERS: BRIAN REYNOLDS; JOHN SPEISER; JEFFREY WALKER; MICHAEL SPICER; JOHN DOES 1-25; JANE DOES 1-25

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
STUART M. NIEMTZOW, ESQUIRE
Attorney I.D. No. 22281
806 Darby Road
Havertown, PA 19083
(610) 449-2111

Attorneys *(If Known)*
CITY OF PHILADELPHIA LAW DEPARTMENT
1515 ARCH ST.
PHILADELPHIA, PA 19102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities Employment
- [ ] 446 Amer. w/Disabilities Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1983

Brief description of cause:
CIVIL RIGHTS-PHILADELPHIA NARCOTICS SQUADS IMPROPER SEARCHES/ARRESTS/CONVICTIONS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12/10/2015

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CARMEN ROSSI                                                    :

        Plaintiff                                        :

                                         :

vs.

POLICE OFFICER                                                 :
BRIAN REYNOLDS (BADGE No. 4268)
Individually and as a Police Officer              :
for the City of Philadelphia,

                                         :

POLICE OFFICER
JOHN SPEISER (BADGE No. 7169)             :
Individually and as a Police Officer for the         : CIVIL ACTION NO.
City of Philadelphia

                                         :

POLICE OFFICER                                                 :
JEFREY WALKER (BADGE No. 3730)
Individually and as a Police Officer for the      :
City of Philadelphia

                                         :

POLICE OFFICER MICHAEL SPICER
 (BADGE No. 5180)                                          : JURY TRIAL DEMANDED
individually and as a Police Officer
for the City of Philadelphia;                               :

POLICE OFFICERS JOHN DOES 1-25         :
(BADGE Nos. Presently Unknown)
Individually and as Police Officers                  :
for the City of Philadelphia;

                                         :

POLICE OFFICERS JANE DOES 1-25
(BADGE Nos. Presently Unknown                     :
Individually and as Police Officers
for the City of Philadelphia;                               :

CITY OF PHILADELPHIA                                    :

              Defendants                            :

1

## COMPLAINT

### JURISDICTION

1. Plaintiff brings this action pursuant to 42 United States Code §l983. Jurisdiction is based upon 28 United States Code §§ 1331 and 1343 (a) (l), (3), and (4). Plaintiff further invokes supplemental jurisdiction under 28 United States Code §1367 (a) to hear and decide claims under state law.

### PARTIES

2. Plaintiff Carmen Rossi is an adult male who was at all relevant times a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a Municipality of the Commonwealth of Pennsylvania that owns, operates, manages, directs, and controls the City of Philadelphia Police Department, which employed Defendant Police Officers at all times relevant to this action.

4. Those Defendant Police Officers who are named in the instant complaint were at all times relevant to this action Officers of the City of Philadelphia Police Department. Most, if not all, of these Defendants were members of the Narcotics Strike Force or other units purportedly dealing with the investigation of illegal narcotics. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia  During the course of the incidents described herein, these Defendant Officers were acting under color of state law.

5. Upon information and belief, Defendant Police Officers John Doe I-25 and Jane Doe I-25 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics and whose identities are presently unknown but are expected to be determined with reasonable certainty during discovery. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia During the course of the incidents described herein, these Defendant Officers were acting under color of state law.

## FACTS

6. On Wednesday, July 29, 2009 at approximately 4:30 p.m., after spending the afternoon selling scrap metal for several thousand dollars, plaintiff returned to his home at 2329 S. Hutchison St, Philadelphia, PA where his then-girlfriend, Jade Rizzi ("Rizzi") now-wife were waiting for him. Others then joined them, and then left around 5:10 p.m. Rizzi and plaintiff's three young children and another adult male remained in the home with plaintiff.

7. At approximately 6:30 p.m., defendants Speiser, with defendants Reynolds and Spicer opened his screen door, all with their firearms pointed, in plain clothes and no badges visible, demanded he not move.

8. Plaintiff did as instructed, and the defendants entered the house and advised plaintiff they had a search warrant, and began searching the house.

9. Plaintiff and Rizzi were detained there until 9:45 p.m when a search warrant was seemingly actually obtained and plaintiff was arrested.

10. Plaintiff was charged with narcotics violations and bail was set at $1 million.

11. Plaintiff was given numerous court dates for preliminary hearings bewtween August and December 2009, which were postponed as none of the defendants were available.

12. Plaintiff remained incarcerated until December 3, 2009 when the Commonwealth withdrew the criminal charges.

13. In December 2009 charges were re-filed.

14. Plaintiff and Welch and Celli were then taken to the apartment below which was being searched.

15. Numerous court dates were scheduled between then and February 2011. On February 2, 2011 all charges were held for court based on the testimony of defendant Spicer.

16. Various suppression and "speedy trial" motions were argued and on February 3, 2012, plaintiff underwent a bench trial before Hon. Judge McDermott, Philadelphia Court of Common Pleas, which resulted in a finding of guilty on all charges.

17. Plaintiff was sentenced to 7 to 14 years in prison and was released for seven days to turn himself in.

18. Plaintiff filed an immediate Motion to Reconsider sentence which was denied. Plaintiff then appealed to the Superior Court which, on July 22, 2013 vacated sentence against plaintiff and co-defendant. The Commonwealth filed an

3

appeal of that Order to the Supreme Court.

19.      Plaintiff remained in custody for approximately twenty-two (22) months as a results of the charges described in this Complaint. In addition, personal property and cash seized by the defendants were either not reported on underreported on property receipts they created.

20.      In January 2015 plaintiff filed a Post-Conviction Hearing Act petition on plaintiff's behalf.

21.      In 2015 , at a hearing on that Petition, the Commonwealth agreed to the contents of the Petition and immediately "nolle prossed" all narcotics violations against plaintiff, apparently based on its internal investigation of the lack of integrity and lack of veracity of the defendants.

22.      Among other things, defendant Police Officers were aware of exculpatory information about the Plaintiff.The Defendant Officers failed to provide exculpatory information known to them to Plaintiff or his criminal counsel via police paperwork or any other means after their arrest.

23.      In addition, during the initial arrest, in July 2009, missing from Rossi's house was $7.900 in cash and various items of jewelry, which were not listed on appropriate property receipts.

24.      The exculpatory information known to police that was not provided to the Plaintiff included the real facts and circumstances of the incident.

25.. The Defendant Officers, in anticipation of the charging of Plaintiff, misrepresented the events that led to the arrest of the Plaintiff. These misrepresentations were intentional, malicious, in bad faith, recklessly indifferent, and deliberately indifferent to Plaintiff's rights.

26. The District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrants in which the following officers are or were involved:

    a.  Police Officer Thomas Liciardello;

    b.  Police Officer Brian Reynolds;

    c.  Police Officer John Speiser;

    d.  Police Officer Michael Spicer;

27. This decision rests on knowledge that some and/or all of the Defendant Officers in this matter had engaged in conduct raising questions about their integrity and law-abidingness while on duty.

4

28. At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant officers. Federal agents and federal prosecutors knew. The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates knew. Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office knew. The basis of this knowledge was information from multiple sources including, but not limited to, federal investigations, internal investigations, questions raised by state and federal prosecutors, and other sources.

29. As a direct and proximate result of the defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and, in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

30. The actions and/or inactions of the Defendants violated the clearly established federal constitutional rights of the Plaintiffs to freedom from use of excessive, unreasonable, and unjustified force against his person, the right to be free from malicious prosecution, and the right to due process of law.

32. The actions taken by the Defendants in this matter were taken under color of state law. Those actions are not limited to the aforementioned conduct.

33. As a direct and proximate result of the actions and/or inactions of the Defendants in this matter, Plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, and other financial loss.

### COUNT I

#### 42 U.S.C. § 1983 against Defendants Officers
#### *Excessive force*

34. Paragraphs 1 through 33 are incorporated herein by reference as though fully set forth.

35. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs,

violated Plaintiffs constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally acted to cause a harmful and/or offensive contact with Plaintiff's persons and such achons were the actual and proximate cause of Plaintiffs harm.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

36. Paragraphs 1 through 35 are incorporated herein by reference as though fully set forth.

37. Plaintiff was damaged and injured as set forth above by Defendant Officer in that they intentionally acted to cause a harmful and/or offensive contact with Plaintiff's person and such actions were the actual and proximate cause of Plaintiff's harm.

## COUNT III

### 42 U.S.C. § 1983 against Defendants Officers
### *Assents*

38.. Paragraphs I through 37 are incorporated herein by reference as though fully set forth.

39. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §I983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs constitutional rights while acting under color of law. More specifically, Defendant Officers intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiffs harm.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers
### *Assault*

40. Paragraphs I through 39 are incorporated herein by reference as though fully set forth.

6

41. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally placed Plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and Defendants' actions were the actual and proximate cause of Plaintiff's harm.

## COUNT V

### 42 U.S.C. § 1983 against Defendants Officers
### *Unlawful Arrest*

42. Paragraphs I through 41 are incorporated herein by reference as though fully set forth.

43. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. More specifically, Defendant Officers acted with the intent to arrest Plaintiff unlawfully, without probable cause, and against Plaintiff's will, and such actions were the actual and proximate cause of Plaintiff's confinement.

## COUNT VI

### Supplemental State Law Claims Against
### Defendant Officers

44. Paragraphs I through 43 are incorporated herein by reference as though fully set forth.

45. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they acted with the intent to confine Plaintiff unlawfully and against Plaintiffs will, and such actions were the actual and proximate cause of Plaintiffs confinement.

7

## COUNT VII

### 42 U.S.C. § 1983 against Defendants Officers
*Unjustified Search*

46.    Paragraphs I through 45 are incorporated herein by reference as though fully set forth.

47. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under

color of law.    More specifically, Defendant Officers performed two pat-downs of Plaintiff's body without reasonable suspicion that criminal activity was afoot or that he was armed and dangerous, or any other lawful justification.

## COUNT VIII

### 42 U.S.C. § 1983 against Defendants Officers
*Malicious Prosecution*

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiffs constitutional rights while acting under color of law. More specifically, Defendant Officers seized and arrested Plaintiff, and instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings terminated in favor of the Plaintiff. Defendants' conduct was the direct and proximate cause of Plaintiffs harm.

## COUNT IX

### Supplemental State Law Claim Against Defendant Officers

8

50.    Paragraphs 1 through 49 are incorporated herein by reference as though fully set forth.

51.. Plaintiff was damaged and injured as set forth above by the Defendant Officers in that they instituted criminal proceedings against Plaintiff without probable cause and with malice. These proceedings were terminated in favor of the Plaintiff.

## COUNT X

### 42 U.S.C. § 1983 against Defendants Officers

52. Paragraphs I through 51 are incorporated herein by reference as   though fully set forth.

53. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by Defendant Officers in that they, as described in detail in  preceding paragraphs, violated Plaintiffs constitutional rights while acting under color of law. More specifically, Defendant Officers, acting in concert and conspiracy, committed acts in violation of the Plaintiffs Constitutional Rights and against the laws of Pennsylvania. The Defendant Officers acted  in conspiracy to violate  the Plaintiff's Constitutional Rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct. Such actions were the direct and proximate cause of Plaintiff's harm.

## COUNT XI

### Supplemental State Law Claim Against Defendant Officers

54. Paragraphs I through 53 are incorporated herein by reference as though set forth.

9

55.Defendant Officers acting in concert and conspiracy, committed acts in violation of the Plaintiff's Constitutional Rights and against the laws of Pennsylvania. The Defendant Officer made statements among themselves and in order to conceal their unlawful and unconstitutional conduct.

## COUNT XII

### Supplemental Claim of Intentional Infliction of Emotional Distress against All Defendant Officers

56. Paragraphs 1 through 55 are incorporated herein by reference as though fully set forth.

57. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they intentionally and/or recklessly caused Plaintiff severe emotional distress by their extreme and outrageous conduct.

## COUNT XIII

### Supplemental Claim of Negligent Infliction of Emotional Distress against All Defendant Officers

58. Paragraphs 1 through 57 are incorporated herein by reference as though fully set forth.

59. Plaintiff was damaged and injured as set forth above by Defendant Officers in that they negligently caused Plaintiff severe emotional distress by their extreme and outrageous conduct and where Plaintiffs emotional distress resulted in the manifestation of physical symptoms.

## COUNT XIV

### 42 U.S.C. §1983 against Defendant City of Philadelphia

60. Paragraphs I through 59 are incorporated herein by reference as though fully set forth.

61. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983

10

by Defendant Officers in that they, as described in detail in preceding paragraphs, violated Plaintiff's constitutional rights while acting under color of law. Prior to December 15, 2011, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiffs' rights. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

62. It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, twin and/or re-train against, and discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment, and infliction of emotional distress.

63. There has been a longstanding history, which has been extensively documented since the 1980s, of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

    a. In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics officers were convicted of selling drugs that they had stolen from dealers.

    b. During the decade between 1980-1989, a lieutenant and three officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in fedeml convictions for, inter alia, racketeering.

    c. In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39" Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians. These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

    d. In 1997, federal drug convictions were overturned as a result of a 1998 internal affairs finding that narcotics officer John Boucher was a potentially corrupt police officer.

    e. In the last five years, numerous narcotics officers -- including, as described *supra,* some and/or all of the Defendant Officers in this matter -- have engaged

11

in conduct causing them to have been removed from the narcotics assignments. In the last five years, as the result of a series of articles by Philadelphia Daily News reporters known as "Tainted Justice,"

Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna, and Thomas Deabler have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

f. In May of 2013, Philadelphia Police Officer Jeffrey Walker was arrested and charged in the United States District Court for the Eastern District of Pennsylvania for acts including, *inter alia*, "by means of actual or threatened force or violence or fear of injury, immediate and future to the victim's person, and by use of a firearm; and by use of his position as a Philadelphia Police Officer, did obtain personal property, cash and marijuana unlawfully..." The criminal complaint against Defendant Walker described the flagrant manner in which he unwittingly disclosed to an FBI informant his practiced schemes to rob drug dealers of both drugs and

money. He described the manner in which he would confiscate a large portion of a drug dealer's drugs for himself and report only a small portion of what he actually found in the police report. In addition, he described a scam to plant drugs in a drug dealer's car so that he could arrest the drug dealer, take the drug dealer's keys, and then use the dealer's keys to enter the drug dealer's apartment and steal money.

64.     It was the policy and/or custom of The City of Philadelphia to inadequately supervise and train its Police Officers, including the Defendant Officers, against a code of silence or "blue code" of Officers refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officer.

65.     As a result of the above-described policies and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the Defendant Officers, believed that their actions would not be properly monitored by supervisory

12

Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

## DAMAGES

66. Paragraphs I through 65 are incorporated herein by reference as though fully set forth.

67. As a result of the above actions and claims, the Plaintiff demands judgment against all defendants in the amount of all damages, including:

   a. compensatory damages;

   b. punitive damages;

   c. interest

   d. injunctive relief;

   e. such other relief as appears reasonable and just; and

   f. reasonable attorney fees and costs under 42 U.S.C. § 1988.

Respectfully submitted by,

STUART M. NIEMTZOW
Attorney I.D. No. 22281
806 Darby Rd.
Havertown, PA 19083
Attorney for Plaintiff
(610) 449-2111

December 2015

13

14